UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

JEAN E. WILLIAMS,

    Plaintiff,

v.                                                                           Civil No. 3:09cv108

FOOD LION, LLC,

    Defendant.

## MEMORANDUM OPINION

Before the Court is Plaintiff's Renewed Request for Jury Trial and Motion in Support. (Docket No 9.) Defendant removed this personal injury action from the Circuit Court of the County of Spotsylvania on February 25, 2009, and served its Notice of Removal on Plaintiff the same day. At the time of removal, none of the pleadings in the case included a demand for a jury trial.

## I. Procedural Background

Upon the parties' consent pursuant to 28 U.S.C. § 636(c), the Honorable Richard L. Williams referred this case to the undersigned Magistrate Judge. On April 22, 2009, the Court held an initial pretrial conference, during which counsel for Plaintiff indicated, for the first time, Plaintiff's jury demand. Finding no jury demand in the record, the Court set the case for a bench trial on October 28, 2009, and invited formal briefing on the issue of whether Plaintiff waived her right to demand a jury trial.

On April 30, 2009, Plaintiff filed the instant Motion. Defendant filed a memorandum in opposition (Docket No. 11), to which Plaintiff replied (Docket No. 13). The Court held a hearing on June 2, 2009, during which Plaintiff made an oral motion for relief under Federal Rule of

Civil Procedure 39(b). The Court provided the parties an opportunity to file post-hearing briefs, and both parties did so. The matter is ripe for disposition.

## II. Issue Presented

Defendant maintains, and Plaintiff concedes, that under Rules 81 and 38 of the Federal Rules of Civil Procedure, Plaintiff waived a jury trial by failing to serve a timely demand. At oral hearing, Plaintiff moved the Court to use its discretion and grant her a jury trial pursuant to Federal Rule of Civil Procedure 39(b), notwithstanding her waiver.

## III. Standard of Review

Federal Rule of Civil Procedure 81(c) states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c)(1). Whether state law requires an express jury demand determines how and when parties to a removed action must demand a jury trial after removal if no such demand was made prior to removal. Rule 81(c) states in pertinent part:

> **(3) *Demand for a Jury Trial.***
>    **(A)** *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time. The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial.
>    **(B)** *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 10 days after:
>       (i) it files a notice of removal; or
>       (ii) it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3).

Virginia law requires that "[i]n any action at law in which the recovery sought is greater than $100, . . . unless one of the parties demands that the case or any issue thereof be tried by a jury, . . . the whole matter of law and fact may be heard and judgment given by the court." Va. Code § 8.01-336(B). The United States Court of Appeals for the Fourth Circuit has held that "[t]he Virginia statute plainly requires a demand." *Wertz v. Grubbs*, 45 F.3d 428 (4th Cir. 1995) (No. 93-2355), *available at* 1995 WL 3164, at *3 (*citing Blevins v. Lovelace's Executor*, 129 S.E. 247, 248 (Va. 1925)); *see also Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 938 (4th Cir. 1980) ("The possibility of an escape under a provision in F. R. Civ. P. 81(c) . . . was foreclosed, since the rules applicable in the Circuit Court of the City of Virginia Beach[] did require an express jury trial demand, prior to trial. Virginia Code § 8.01-336. . . .").

Thus, where state law requires an express jury demand to a removed action, a party who has not made a demand prior to a removal must serve a jury demand within ten days of service of the Notice of Removal, Fed. R. Civ. P. 81(c)(3)(B), plus an additional three days when, as here, the defendant made service of the Notice of Removal by mail. Fed. R. Civ. P. 6(e); *see Gelardi v. Transamerica Occidental Life Ins. Co.*, 163 F.R.D. 495, 496 (E.D. Va. 1995) ("[T]he burden was on Plaintiffs to make a timely demand for a jury trial within thirteen days of service of the Notice of Removal."). Failure to timely serve a jury demand results in waiver of the right to jury trial. Fed. R. Civ. P. 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").

Federal Rule of Civil Procedure 39(b) permits the Court, in its discretion, to "order a jury trial on any issue for which a jury might have been demanded." Plaintiff did not cite Rule 39(b) in either her Memorandum in Support of Her Renewed Request for Jury Trial, or in her Reply to

Defendant's Memorandum in Opposition. However, she made an oral motion for Rule 39(b) relief at the June 2, 2009 hearing. During the hearing, both parties addressed the relevant factors considered in granting such relief:

> (1) the appropriateness of the issues for trial by jury;
> (2) the prejudice to the opposing party;
> (3) the timeliness of the motion; and
> (4) the effect of granting the motion on the orderly administration of justice.

*Malbon*, 636 F.2d at 940 n.11. Courts may also consider the justifiability of the delay in requesting a jury trial as a relevant consideration. *Gelardi*, 163 F.R.D. at 496; *Vannoy v. Cooper*, 872 F. Supp. 1485, 1486, 1489 (E.D. Va. 1995).

## IV. Analysis

### A. Plaintiff Waived Her Right to a Jury Trial Under Rule 81(c)

Plaintiff conceded at oral hearing that she failed to make a timely jury demand within ten days of the removal of the case from state court, which would have been March 16, 2009. However, she continued to suggest that the Court should excuse this failure due to Plaintiff's previous attorney's unfamiliarity with federal court practice and dependence on the established procedures of the Circuit Court of the County of Spotsylvania for demanding a jury trial. This argument affords no basis for applying Fed. R. Civ. P. 81(c)(3)(A). In *Gelardi*, 163 F.R.D. at 496-97, the Honorable Rebecca Beach Smith rejected an argument identical to Plaintiff's:

> Here, Plaintiffs argue that the removal of the case to federal court forced them to advance their decision regarding a jury trial, because of the common practice in state court to permit jury demands at docket call when the case is brought on for trial. Were this a sufficient justification . . . it would render both Virginia law and the Federal Rules subordinate to the local custom of every circuit court in the state.

*See also Wertz*, 1995 WL 3164, at *7 n.2 ("Rule 81(c) compels us to look at state law, not local custom or practice."); *Keatley v. Food Lion, Inc.*, 715 F. Supp. 1335, 1338 (E.D. Va. 1989) ("The relevant inquiry under Rule 81(c) is whether the state law–not the local custom and practice–applicable in the court from which the case was removed requires an express jury demand in order to claim trial by jury.").

It is undisputed that Plaintiff failed to timely serve a jury demand as required by the Federal Rules of Civil Procedure. The first jury demand in this case occurred orally during the April 22, 2009 initial pretrial conference, fifty-six days after Defendant served Plaintiff the Notice of Removal. Accordingly, the Court finds that Plaintiff waived her right to trial by jury. Fed. R. Civ. P. 38(d).

### B. Court's Discretion to Grant Motion for Jury Trial Notwithstanding Waiver Thereof Under Federal Rule of Civil Procedure 39(b)

Federal Rule of Civil Procedure 39(b) permits the Court, in its discretion, to "order a jury trial on any issue for which a jury might have been demanded." Plaintiff moved for relief under Rule 39(b) at oral hearing.[1] The Court now considers whether to grant the motion under the factors enunciated in *Malbon* and subsequent cases.

#### 1. *Malbon* Factor One: Propriety of Issues for Trial by Jury

"If the issues in the case are primarily factual, then this factor weighs in favor of granting the motion." *Smith v. Estes Express*, No. 3:08cv574, 2009 WL 366586, at *1 (E.D. Va. Feb. 12, 2009). This slip-and-fall personal injury action likely presents straightforward factual

---

[1] In her pre-hearing briefs, Plaintiff invoked Rule 3:21(d) of the Rules of the Supreme Court of Virginia–a rule that does not govern proceedings in this Court, even in a removed action. (Pl.'s Reply Mem. to Def.'s Mem. in Opp'n 1.) (Docket No. 13.)

5

determinations, which are appropriate for resolution by a jury. *See Vannoy*, 872 F. Supp. at 1489-90.

### 2. *Malbon* Factor Two: Prejudice to Defendant

Although Defendant states that it "has prepared [its] case since the original complaint was filed in 2006 in anticipation of a bench trial, not a jury trial" (Def.'s Mem. Opp'n to Pl.'s Oral Mot. for Leave of Court for Jury Trial 3) (Docket No. 18), this assertion lacks weight given that Plaintiff could have demanded a jury trial in state court at any time since the filing of the complaint through March 16, 2009. Although Defendant lists some aspects of litigation strategy (choosing experts, evaluating the case, setting aside reserves) that take into account whether a trial will be by jury or judge, Defendant does not cite any actual prejudice having occurred in this case. (*Id.*) Because the trial preparation process has only recently begun in this Court, Defendant has known Plaintiff's intention to seek a jury trial since the Initial Pretrial Conference, and Defendant cites only hypothetical prejudice, the Court finds that this factor does not militate against Plaintiff's motion.

### 3. *Malbon* Factor Three: Timeliness of the Motion

Plaintiff clearly sought a jury trial beyond the time required by the Federal Rules. Still, Plaintiff filed the instant motion eight days after becoming aware at the initial pretrial conference of her failure to demand a jury trial, a factor which weighs in her favor. *Cf. Vannoy*, 872 F. Supp. at 1490 (declining to exercise discretion where five weeks elapsed between pretrial conference and plaintiff's filing motion for jury trial); *Gelardi*, 163 F.R.D. at 496-97 (denying motion for jury trial based on lack of justification for delay and effect on court's docket where five weeks elapsed between pretrial conference and filing of motion, and plaintiff had twice

affirmatively consented to bench trial). Thus, although Plaintiff lacks justification for failing to serve a jury demand under Rule 81(c)(3)(B), she did timely file the instant motion.

Additionally, trial has been scheduled for October 28, 2009. This is over four months away, and the proceedings are at an early stage. This factor therefore weighs in favor of granting the motion. *See Smith*, 2009 WL 366586, at *2 (where trial was set for five months from the filing of plaintiff's motion for jury trial, "even though a significant amount of time has passed since the filing of the action and the Fed. R. Civ. P. 38(b) deadline, it is not correct to characterize the plaintiff's filing as 'late in the proceedings.'") (*citing Vannoy*, 872 F. Supp. at 1490).

### 4. *Malbon* Factor Four: Effect on Orderly Administration of Justice

At this early stage in the proceedings, allowing a jury trial rather than a bench trial would have little adverse effect on the Court's docket. Although routinely granting such motions would reduce the effectiveness of the Court's docketing and scheduling system, *see Gelardi*, 163 F.R.D. at 497, in this case, a two-day jury trial would impose no greater burden on the Court's docket than a two-day bench trial.

### 5. Justification for Delay in Filing Motion for Jury Trial

Plaintiff suggests that reliance on the practice and procedure of the Spotsylvania Circuit Court constitutes justification for her delay in making a jury demand. Plaintiff's briefs indicate that she was mistaken about her obligations under the rule. *See Dunning v. Henry Flack Int'l, Inc.*, No. 5:01cv99, 2002 WL 1046712, at *2 (W.D. Va. May 15, 2002) ("While this is hardly a compelling excuse, the court is not persuaded that it mandates a ruling against the plaintiff.").

7

This factor therefore weighs against the Plaintiff. It is not, however, dispositive. *See Vannoy*, 872 F. Supp. at 1489 (lack of justification does not limit court's discretion to grant untimely motion for jury trial, but is just one factor among the remaining four, originally enumerated by the Fourth Circuit in dicta in *Malbon*, to be considered).

### V. Conclusion

Having weighed the *Malbon* factors and the justifiability of the delay in requesting a jury trial, the Court finds that they favor granting the relief Plaintiff seeks. Although Plaintiff failed to comply with the procedures for properly requesting a jury trial under Fed. R. Civ. P. 81(c) and 38, the Court will GRANT Plaintiff's oral motion for a jury trial under Rule 39(b).

An appropriate Order will issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6-23-09