## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JEAN E. WILLIAMS,

        Plaintiff,

v.                                                    Civil Action No. 3:09cv108

FOOD LION, LLC,

        Defendant.

### MEMORANDUM OPINION

Before the Court is Defendant Food Lion's Motion for Summary Judgment.[1] (Docket

No. 24.) On September 28, 2009, Plaintiff responded. (Docket No. 30.) On October 1, 2009,

Defendant replied. (Docket No. 31.) On October 15, 2009, the Court heard oral argument, and

the matter is ripe for adjudication. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1332,

and 636(c). For the reasons stated below, Defendant's Motion for Summary Judgment will be

DENIED.

### I. Factual and Procedural Background

On April 21, 2008, Plaintiff filed a complaint in the Circuit Court for the County of

Spotsylvania against Defendant Food Lion, LLC ("Food Lion"). On February 25, 2009,

Defendant removed this personal injury action to this Court. Plaintiff states that while shopping

at a Food Lion store in Spotsylvania, she slipped on a wet floor and sustained serious and

permanent injuries from her fall. (Compl. ¶ 8.) (Docket No. 1 Ex. 1.) Plaintiff alleges that at the

---

[1] The parties have notified the Court that they have resolved the issues outlined in
Defendant's First Motion in Limine to Exclude Food Lion, LLC's Policies and Procedures.
(Docket No. 27.) That motion is therefore deemed MOOT with the understanding that related
objections are not waived at trial, should they arise as testimony commences.

time of her fall, a Food Lion employee was mopping the floor and "failed to place warning or caution signs or cones indicating the floor was wet in the area that he was mopping and/or that had been mopped." (Compl. ¶ 3.) (Docket No. 1 Ex. 1.) She seeks $500,000 in damages.

Defendant now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (Docket No. 24.) Defendant argues that the "[w]ater on the floor, along with a Food Lion employee, Brian Tipton, simultaneously mopping" constituted an open and obvious condition, and that Plaintiff's failure to exercise reasonable care "was a contributing cause of the subject accident." (Def. Mem. Supp. Mot. Summ. J. at 5.) Plaintiff responds that the parties dispute three material facts: (1) that "Food Lion took no efforts to prevent and/or warn about the unsafe condition of the wet floor;" (2) that "[t]he wet floor was not an open and obvious condition;" and, (3) that "Food Lion created an even more dangerous condition then [sic] a wet floor given that there was a chemical substance in the mop bucket." (Pl. Mem. Opp'n Def. Mot. Summ. J. at 2-5.)

## II. Summary Judgment

### A.    Standard of Review

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex*, 477 U.S. at

2

322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled to have 'the credibility of his evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (*quoting Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

**B.    Analysis**

A court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938); *Cole v. Food Lion, L.L.C.*, 370 F. Supp. 2d 434, 436 (E.D. Va. 2005). In Virginia, in order to establish a prima facie negligence claim, a plaintiff bears the burden of proving "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003); *see also Trimyer v. Norfolk Tallow Co.*, 66 S.E.2d 441, 443 (Va. 1951). The Supreme Court of Virginia has articulated well-settled rules applicable to slip-and-fall cases:

> The [store owner] owed the [customer] the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for her visit; to remove, withing a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other

3

persons had placed there; to warn the [customer] of the unsafe condition if it was unknown to her, but was, or should have been, known to the [store owner].

*Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990) (*citing Colonial Stores v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962) (alterations in original)).

### 1.    **Duty of Care**

A store owner must exercise ordinary care toward its invitees, but "[t]he owner of premises is not an insurer of his invitee's safety thereon." *Knight v. Moore*, 18 S.E.2d 266, 269 (Va. 1942). A store owner need not give notice or warning to invitees "where the dangerous condition is open and obvious, and is patent to a reasonable person exercising ordinary care for his own safety." *Id.*; *see Gottlieb v. Andrus*, 104 S.E.2d 743, 746 (Va. 1958). Thus, a business invitee bears the duty to be aware of open and obvious dangers. *O'Brien v. Everfast, Inc.*, 491 S.E.2d 712, 714 (Va. 1997) (*quoting Tazewell Supply Co. v. Turner*, 189 S.E.2d 347, 349 (Va. 1972). Generally, "a person 'who trips and falls over an open and obvious condition or defect is guilty of contributory negligence as a matter of law.'" *Anderson v. Wise*, No. 93-2223, 1994 WL 592716, at *3 (4th Cir. Oct. 31, 1994) (*quoting Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (Va. 1991)). Under Virginia law, contributory negligence involves an objective test: "whether a plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances." *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 824 (Va. 1990). If a plaintiff fails to exercise reasonable care, and that failure constitutes "a contributing cause of the accident" resulting in the injuries alleged, the plaintiff cannot recover from the defendant. *Tazewell*, 189 S.E.2d at 349; *Gottlieb*, 104 S.E.2d at 746.

Whether an alleged dangerous condition is open and obvious, and likewise, whether an invitee failed to exercise ordinary care for her own safety, often constitute jury questions. *Culpepper v. Neff*, 134 S.E.2d 315, 319 (Va. 1964); *Shiflett v. M. Timberlake, Inc.*, 137 S.E.2d 908, 913 (Va. 1964); *Crocker v. WTAR Radio Corp.*, 74 S.E.2d 51, 52 (Va. 1953); *Knight*, 18 S.E.2d at 270. Where there exists no conflict in the evidence, or where reasonable persons cannot disagree as to the inferences to be drawn from the evidence presented, the Court may decide the issue in lieu of a jury. *Knight*, 18 S.E.2d at 270.

### 2.    Condition at Bar

In the case at bar, the Court concludes that reasonable minds may disagree whether the wet floor which allegedly caused Plaintiff's injuries constituted an open and obvious condition. Viewed in the light most favorable to Plaintiff, the evidence indicates that the condition of Defendant's floors was "open" to Plaintiff, but not necessarily "obvious" to her, thus rendering this issue a question for the jury. *See Crocker*, 74 S.E.2d at 52 ("Thus, while the [difference in floor levels] was 'open' to the plaintiff, in the sense that there was no obstruction between her and the step, it was not necessarily 'obvious' to her.").

A Food Lion employee was actively mopping the floor at the time of Plaintiff's fall. Brian Tipton stated that he had been mopping up a spill approximately two to three minutes before Plaintiff fell, and at the time of the accident, he had not finished mopping. (Def. Mem. Supp. Mot. Summ. J. Ex. 4, Tipton Dep. No. 2 20:20 - 21:2.) Security camera footage confirms this statement: prior to Plaintiff's fall, video depicts Tipton pushing a mop back and forth across the floor. (Def. Mem. Supp. Mot. Summ. J. Ex. 3, VHS Tape.) Plaintiff states that she did not see Tipton prior to her accident because he did not fall within her line of sight. (Def. Mem.

5

Supp. Summ. J. Ex. 1, J. Williams Dep. 12:19-24.) The Court has no evidence showing the accident scene from what would have been Ms. Williams's viewpoint. The video shows her walking away from Tipton prior to walking toward him. (Def. Mem. Supp. Summ. J. Ex. 1, J. Williams Dep. 16:18-24; Def. Mem. Supp. Mot. Summ. J. Ex. 3, VHS Tape.) A display of produce stands to Plaintiff's right as she walks toward Tipton, blocking from the camera's view Tipton's mop bucket and, for a large portion of the video, the mop itself. (*See* Def. Mem. Supp. Mot. Summ. J. Ex. 3, VHS Tape; Pl. Mem. Opp'n Def. Mot. Summ. J. at 5.) While Tipton can be seen mopping during the video, his mop is visible in the video for only a brief moment while Plaintiff is in the store, and the mop bucket never appears on camera. (*See* Def. Mem. Supp. Mot. Summ. J. Ex. 3, VHS Tape.) Tipton candidly admits that he did not put up caution signs prior to beginning to mop the spill. (Pl. Mem. Opp'n Def. Mot. Summ. J. Ex. D, Tipton Dep. 45:20 - 46:5.) Although testimony suggests that a caution sign was nearby, no testimony suggests that it was ever used prior to Plaintiff's fall. No dispute appears to exist that the bucket contained soapy water.

Thus, viewing the evidence in the light most favorable to Plaintiff, whether there existed an open and obvious danger to Plaintiff constitutes a jury question. *See Anderson*, at *3 (holding that where the plaintiff and a witness did not see water on the floor, and also did not see any warning signs, the jury should have determined whether this constituted an open and obvious hazard); *see also Culpepper*,134 S.E.2d at 319; *Crocker*, 74 S.E.2d at 52; *Knight*, 18 S.E.2d at 270. Whether Plaintiff failed to exercise ordinary care for her own safety similarly constitutes a jury question. The evidence appears to belie Plaintiff's contention that Tipton stood "at least three aisles over" from the area where Plaintiff fell. (Def. Mem. Supp. Mot. Summ. J. Ex. 1, J.

6

Williams Dep. 19:1-9; *see also* Def. Mem. Supp. Mot. Summ. J. Ex. 1, J. Williams Dep. 59:24-

25; Pl. Mem. Opp'n Def. Mot. Summ. J. Ex. A, R. Williams Dep. 18:14; Def. Mem. Supp. Mot.

Summ. J. Ex. 2, Tipton Dep. No. 1 12:18-20.) In the security footage, Tipton appears to merely

bend over to offer to help Plaintiff stand after her fall. (Def. Mem. Supp. Mot. Summ. J. Ex. 3,

VHS Tape.) Still, at issue here is water on a floor as someone mops nearby sans warning signs,

not an easily visible brown cardboard box placed on the aisle floor. *Cf. Tazewell*, 189 S.E.2d at

349. A decision as to Plaintiff's contributory negligence likely will flow from the jury's decision

as to the "open and obvious" nature of the condition of the floor. *Id.* at 349-50 ("[Wh]ether as a

matter of law the plaintiff was guilty of contributory negligence . . . depends on whether the

danger complained of was open and obvious."). Thus, viewing the evidence most favorably to

Plaintiff, this question, too, must be submitted to the jury.

## IV.  Conclusion

For the foregoing reasons, the Court shall DENY Defendant's Motion for Summary

Judgment. (Docket No. 24.)

An appropriate Order shall issue.

/s/

M. Hannah Lauck

United States Magistrate Judge

Richmond, Virginia
Date: October 15, 2009